CROWELL & MORING LLP
Jeffrey W. Pagano (JP 1408)
Ira M. Saxe (IS 6051)
153 E. 53rd Street, 31st Floor
New York, NY 10022-4611
Tel: 212-223-4000
Fax: 212-223-4134

Attorneys for Plaintiff Diana Cannon

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

**DIANA CANNON,**

        **Plaintiff,**

      **v.**

**DOUGLAS ELLIMAN, LLC, OPERATING AS**
**PRUDENTIAL DOUGLAS ELLIMAN;**
**DOUGLAS ELLIMAN, LLC EMPLOYEE**
**BENEFITS PLAN; CIPRIANI 55 WALL, LLC;**
**CIPRIANI USA, INC.; 55 WALL ASSOCIATES**
**LLC; AND THE WITCOFF GROUP,**

        **Defendants.**

-------------------------------------------------------------- x

**Case No.  06-CV-7092**

**AMENDED COMPLAINT**

      Plaintiff Diana Cannon, by her attorneys, as and for her Complaint, states as follows:

## I.

## PRELIMINARY STATEMENT

      This is a civil action for compensatory damages, liquidated damages, punitive damages and other relief brought by Plaintiff Diana Cannon ("Plaintiff" or "Ms. Cannon") against Defendants, who have failed to pay her, and her similarly situated co-employees, the

wages and commissions that they earned. Defendants, and each of them, participated in a real estate venture to sell residential apartment units in the high-profile Cipriani Club Residences, located at 55 Wall Street, New York, New York. They employed Ms. Cannon, an experienced, licensed professional real estate salesperson, as well as other similarly situated employees, as a dedicated, full-time sales team to work on a full-time, week day plus weekend basis at the Sales Office that they set up at the Cipriani Club Residences site. Despite the team's success in selling the apartment units at issue, Defendants failed to pay Ms. Cannon or her similarly situated co-employees either the promised salary, employee benefits, sales commissions or other payments that they earned. When Ms. Cannon continued to request such payment on her own behalf and on behalf of her similarly situated co-employees, directly and through counsel, Defendant Douglas Elliman, on its own behalf and as an agent for and acting in concert with the other Defendants, terminated her employment at the Sales Office and purported to terminate her separate Salesperson agreement with Defendant Douglas Elliman.

## II.

## PARTIES AND JURISDICTION

1.  Plaintiff Diana Cannon is an individual residing in New York.

2.  At all times mentioned herein, Defendant Douglas Elliman, LLC, operating as Prudential Douglas Elliman ("Douglas Elliman"), was a Delaware corporation with its principal place of business within this judicial district.

3.  At all times mentioned herein, Defendant Douglas Elliman, LLC Employee Benefits Plan, including but limited to the Douglas Elliman, LLC 401(k) Retirement Savings Plan ("Douglas Elliman Plan"), was an employee welfare benefit plan and an employee pension benefit plan within the meaning of Sections 3(1), 3(2), and 3(3) of the Employee

Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1002(1), (2), and (3) ("ERISA"), that transacts business within this judicial district.

      4.     At all times mentioned herein, Defendant Cipriani 55 Wall, LLC ("Cipriani 55") was a New York limited liability company with its principal place of business within this judicial district.

      5.     At all times mentioned herein, Defendant Cipriani USA, Inc. ("Cipriani USA") was a Delaware corporation with its principal place of business within this judicial district.

      6.     At all times mentioned herein, Defendant 55 Wall Associates LLC ("55 Wall Associates") was a Delaware limited liability company with its principal place of business within this judicial district.

      7.     At all times mentioned herein, Defendant The Witcoff Group ("Witcoff") was a New York corporation with its principal place of business within this judicial district.

      8.     As described in greater detail herein, Defendant Douglas Elliman employed Plaintiff as an inside sales representative during the period of on or about February 1, 2006 to on or about July 14, 2006.

      9.     As described in greater detail herein, in the alternative, Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for and acting in concert with each other, employed Plaintiff as an inside sales representative during the period of on or about February 1, 2006 to on or about July 14, 2006.

      10.    During the period of on or about February 1, 2006 to on or about July 14, 2006, Plaintiff was an employee of Defendant Douglas Elliman within the meaning of the FLSA and Article 6 of the New York Labor Law.

11.    In the alternative, during the period of on or about February 1, 2006 to on or about July 14, 2006, Plaintiff was an employee of Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for and acting in concert with each other, within the meaning of the FLSA and Article 6 of the New York Labor Law.

12.    Defendant Douglas Elliman is, and at all relevant times was, an employer within the meaning of, and subject to the requirements of, the FLSA and Article 6 of the New York Labor Law.

13.    Defendant Cipriani 55 is, and at all relevant times was, an employer within the meaning of, and subject to the requirements of, the FLSA and Article 6 of the New York Labor Law.

14.    Defendant 55 Wall Associates is, and at all relevant times was, an employer within the meaning of, and subject to the requirements of, the FLSA and Article 6 of the New York Labor Law.

15.    Defendant Witcoff is, and at all relevant times was, an employer within the meaning of, and subject to the requirements of, the FLSA and Article 6 of the New York Labor Law.

16.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the claims asserted under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-19 ("FLSA") and ERISA, and this Court has supplemental jurisdiction over Plaintiff's state law claims against Defendants pursuant to 28 U.S.C. § 1367.

17.    Venue is proper in the Southern District of New York, under 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132, on the following grounds:  (a) a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this District; (b) a substantial part

of the property that is the subject of this action is situated in this District; and (c) Defendants transact business within this District.

## III.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

### A.    General Background Information

18.    Defendant Douglas Elliman is, and at all relevant times was, in the business of, inter alia, residential, professional and business real estate sales in the New York City area.

19.    Dolly Lenz ("Lenz") is and was, at all relevant times, a Vice Chairman of Defendant Douglas Elliman, with both the actual and apparent authority to bind Defendant Douglas Elliman.

20.    Laura Cordovano ("Cordovano") is and was, at all relevant times, a Managing Director of Defendant Douglas Elliman, with both the actual and apparent authority to bind Defendant Douglas Elliman.

21.    Karen Chesleigh ("Chesleigh") is and was, at all relevant times, Director of Human Resources for Defendant Douglas Elliman, with both the actual and apparent authority to bind Defendant Douglas Elliman.

22.    Defendant Cipriani 55 is, and at all relevant times was, in the business of, inter alia, real estate development.

23.    Defendant Cipriani USA is, and at all relevant times was, in the business of, inter alia, real estate development.

24.    Defendant 55 Wall Associates is, and at all relevant times was, in the business of, inter alia, real estate development.

25.     Defendant Witcoff is, and at all relevant times was, in the business of, inter alia, real estate development.

26.     Plaintiff Diana Cannon is, and at all relevant times was, an experienced, licensed professional real estate salesperson specializing in the sale of residential and professional apartment units.

## B.     Defendant Douglas Elliman Engages Ms. Cannon as a Salesperson

27.     In or about December 2003 or January 2004, Defendant Douglas Elliman, through Lenz, offered to engage Ms. Cannon as a commissioned Salesperson.

28.     In or about December 2003 or January 2004, Lenz represented to Ms. Cannon, on behalf of Defendant Douglas Elliman, that Douglas Elliman would pay Ms. Cannon sales commissions in accordance with the then-current Douglas Elliman commission schedule in connection with her sales for Douglas Elliman.

29.     Lenz further represented to Ms. Cannon at this time that she would not be treated as an employee of Douglas Elliman in connection with her work as a commissioned Salesperson, that she would be able to work as a commissioned Salesperson any hours that she chose, that she would be permitted to work out of her own home, as well as out of Douglas Elliman's business offices, in the transaction of Douglas Elliman business, and that she would be free to engage in outside employment for herself and for other employers, while working as a commissioned Salesperson, provided that such outside employment did not involve any other real estate brokerage or management activities.

30.     Plaintiff accepted the engagement as a commissioned Salesperson with Defendant Douglas Elliman, and was induced to do so based on the representations of Defendant Douglas Elliman, through Lenz, as described above.

31.     Plaintiff relied, in accepting engagement as a Salesperson with Defendant Douglas Elliman, on the representations of Defendant Douglas Elliman, through Lenz, as described above.

32.     On or about January 9, 2004, Plaintiff and Defendant Douglas Elliman entered into a contract, dated January 9, 2004, regarding "Engagement as a Salesperson or Associate Broker for Douglas Elliman, LLC, Office Location: 575 Madison Avenue, Fourth Floor" ("January 9, 2004 Agreement").

33.     The January 9, 2004 Agreement sets forth the representations that Lenz expressed to Ms. Cannon, including but not limited to the representations regarding the sales commissions that she would receive.

34.     The January 9, 2004 Agreement also sets forth a termination provision, authorizing termination of that Agreement only through a written notice, delivered in the manner specified therein, and describing Ms. Cannon's right to receive, following termination of that Agreement, commissions on transactions on which she worked prior to that termination.

35.     By virtue of the January 9, 2004 Agreement, Ms. Cannon had the right to access the Douglas Elliman computer system, to be profiled on the Douglas Elliman website as a Salesperson and to list exclusive rental and sales property with Douglas Elliman.

36.     Ms. Cannon fully performed her obligations under the January 9, 2004 Agreement.

37.     Ms. Cannon earned commissions under the January 9, 2004 Agreement, including but not limited to commissions in connection with the sale of Apartment 615 at 55 Wall Street, New York, New York, which she purchased ("Apartment 615"), and the sale of Apartment 2N at 930 Park Avenue, New York, New York ("Apartment 2N").

38.     Defendant Douglas Elliman has not paid Ms. Cannon all the commissions that she earned under the January 9, 2004 Agreement, including but not limited to commissions earned in connection with the sales of Apartment 2N and Apartment 615.

**C.     Defendants Employ Ms. Cannon to Work as an Inside Sales Representative at Their 55 Wall Street Sales Office**

39.     Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff participated in a joint real estate venture, in concert and as agents for each other, in connection with the sale of residential apartment units in a new high profile development, the Cipriani Club Residences at 55 Wall Street, New York, New York ("Cipriani 55 Wall Street").

40.     Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff sought to arrange for the sale of apartment units at Cipriani 55 Wall Street, from which they would each profit.

41.     Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff engaged Douglas Elliman as the exclusive marketing and sales agent for Cipriani 55 Wall Street.

42.     In order to sell units at Cipriani 55 Wall Street, Douglas Elliman, Cipriani 55, 55 Wall Associates, Cipriani USA and Witcoff, in concert and as agents for each other, established an on-site sales office at Cipriani 55 Wall Street where they would jointly participate in sales of the Cipriani 55 Wall Street apartment units ("Cipriani 55 Wall Street Sales Office").

43.     Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff acted in concert, and as agents for each other, both directly and indirectly in the interests of each other in relation to the sale of units of Cipriani 55 Wall Street, including but not limited to arranging to share employees and services, and the direct and indirect control

of such employees and services, in relation to the operation of the Cipriani 55 Wall Street Sales Office.

44.    At all relevant times, Defendant Douglas Elliman, through its executive and managerial employees, including but not limited to Lenz and Cordovano, had both the actual and apparent authority to bind Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff in relation to the operations of the Cipriani 55 Wall Street Sales Office.

45.    At all relevant times, Lenz, Cordovano and Chesleigh had both the actual and apparent authority to bind Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff in relation to the operations of the Cipriani 55 Wall Street Sales Office.

46.    In or about February 2006, Defendant Douglas Elliman, on its own behalf and on behalf of Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, offered Ms. Cannon employment at the Cipriani 55 Wall Street Sales Office under the terms and conditions represented to her.

47.    Commencing in or about February 2006, Defendant Douglas Elliman, through Lenz and Cordovano, made representations to Ms. Cannon in relation to the terms and conditions of her employment with Defendant Douglas Elliman.

48.    Cordovano also represented to Ms. Cannon during the course of their discussion in or about February 2006 that, notwithstanding any contrary provisions in the January 9, 2004 Agreement, she would be paid a salary, plus commissions on all sales at 55 Wall Street, as an employee at the Cipriani 55 Wall Street Sales Office.

49.    Cordovano also told Ms. Cannon during the course of this discussion that she would be reimbursed for her parking expenses in connection with her work at the 55 Wall Street Sales Office.

50. During the course of their February 2006 discussion, Cordovano advised Ms. Cannon that, in addition to the salary and commissions that Ms. Cannon would receive in connection with employment with Defendant Douglas Elliman at the Cipriani 55 Wall Street Sales Office, she would continue to receive sales commissions in connection with her other Douglas Elliman sales, in accordance with the January 9, 2004 Agreement.

51. In or about February 2006, Lenz informed one of Ms. Cannon's co-employees that a great job was opening up at the Cipriani 55 Wall Street Sales Office, that she would be paid $85,000.00 per year salary, plus additional payments, and that top people doing that work make in excess of $400,000.00 plus per year.

52. In or about February 2006, Lenz informed Ms. Cannon that she should speak to this co-employee regarding opportunities at the 55 Wall Street Sales Office.

53. Defendant Douglas Elliman, through Cordovano, and on behalf of both itself and Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, made these representations to Plaintiff in order to induce her to accept employment at the Cipriani 55 Wall Street Sales Office and provide dedicated, full-time service in connection with the sale of units at Cipriani 55 Wall Street, and through her efforts increase the value of their investment in the Cipriani 55 Wall Street project.

54. At the time of the representations that Defendant Douglas Elliman made to Ms. Cannon, through Cordovano, and on behalf of both itself and Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff regarding her employment at the Cipriani 55 Wall Street Sales Office, neither Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates nor Witcoff intended to pay Ms. Cannon the salary or the sales commissions that she would earn during the course of her employment.

55.     Neither Defendant Douglas Elliman, through Cordovano or otherwise, nor any other Defendant, informed Ms. Cannon that they intended to deny her either the salary or the commissions that she was promised in connection with her full-time work at the Cipriani 55 Wall Street Sales Office.

56.     Defendants, through Lenz and Cordovano, provided Ms. Cannon with the documents describing employee welfare benefits and employee pension benefits customarily provided to Douglas Elliman employees, that she was entitled to receive, including but not limited to a summary plan description entitled Term Life and Accident Insurance Developed for the Employees of Prudential Douglas Elliman, a summary plan description entitled Short-Term Disability Insurance Developed for the employees of Prudential Douglas Elliman, and various Oxford Health Plan, Inc. summary plan descriptions and materials with a cover letter addressed "Dear Douglas Elliman employee," and provided to her, and requested that she return, in connection with her employment, other employee benefit documents customarily completed by Douglas Elliman employees, including but not limited to an INS Form I-9, Employment Eligibility Verification, an IRS Form W-4, Employee's Withholding Certificate Allowance, a New York State Department of Taxation and Finance, Employee's Withholding Allowance Certificate, a Douglas Elliman, LLC 401(k) Retirement Savings Plan Enrollment Form and Beneficiary Designation Form, a Signa Life Insurance Company of New York Insurance Application form and Beneficiary Designation Form, and an AIG American General Group Employee Enrollment Form.

57.     In accordance with the request of Defendants, through Lenz and Cordovano, Ms. Cannon completed the employment and benefit documents provided to her and transmitted them to Chesleigh.

11

**D.    Ms. Cannon's Full-Time Employment at the Cipriani 55 Wall Street Sales Office, Under Defendants' Direction and Control**

58.    Plaintiff accepted employment as an inside sales representative at the Cipriani 55 Wall Street Sales Office, commencing on or about February 1, 2006.

59.    During the period of Ms. Cannon's employment at the Cipriani 55 Wall Street Sales Office, Defendants, and each of them, suffered and permitted her, and her similarly situated employees employed at the Cipriani 55 Wall Street Sales Office, to work there on their behalf and shared direct and indirect control over her work.

60.    During the period of Ms. Cannon's employment at the Cipriani 55 Wall Street Sales Office, Ms. Cannon, and her similarly situated employees employed at the Cipriani 55 Wall Street Sales Office, were customarily and regularly engaged to work, and were required to work, at the premises of Defendants, the Cipriani 55 Wall Street Sales Office, the fixed site and location prescribed by and on behalf of Defendants, and to be available for work, at the Cipriani 55 Wall Street Sales Office.

61.    During the period of her employment, Ms. Cannon and her similarly situated co-employees were required to work at least six days per week, and often seven days per week, from approximately 10:00 a.m. to approximately 6:00 p.m. on weekdays and from approximately noon to approximately 4:00 p.m. on weekends, and to be available to work, at the Cipriani 55 Wall Street Sales Office.

62.    During the period of her employment, Ms. Cannon generally worked the hours required of her, with the sole exception of the few times that Ms. Cannon received permission for time off in order to address family medical emergencies.

63.    Defendants, as agents for and in concert with each other, maintained and regularly exercised the right to control the time, means and methods by which Ms. Cannon and

her similarly situated co-employees performed their work activities, and frequently and regularly supervised and exercised oversight over their work activities, during the entire period of their employment at the Cipriani 55 Wall Street Sales Office.

64.     Ms. Cannon had no opportunity for profit or loss in relation to her work at the Cipriani 55 Wall Street Sales Office, apart from her expected receipt of the salary, sales commissions, employee welfare benefits, employee pension benefits and parking reimbursement that she was promised in relation to her employment there.

65.     During the period of her employment at the Cipriani 55 Wall Street Office, the work of Ms. Cannon, and that of her similarly situated co-employees, was an integral part of the operations of Defendants at that office.

66.     Ms. Cannon, and her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, worked diligently and effectively there, securing a large number of sales covering a substantial percentage of the apartment units for sale at the Cipriani 55 Wall Street Sales office.

67.     A number of the apartment units sold by Ms. Cannon and her co-employees employed at the Cipriani 55 Wall Street Sales Office closed on July 17, 2006, the next business day following the termination of Ms. Cannon's employment at that office, while additional apartment units that they sold closed shortly thereafter. Further closings of apartment units sold by Ms. Cannon and her co-employees employed at the Cipriani 55 Wall Street Sales Office are expected to be conducted in the near future.

E.   **Ms. Cannon's Efforts, on Her Own Behalf and on Behalf of Her Co-Employees, to Receive the Unpaid Wages and Commissions Earned for the Labor and Services Rendered**

68.   Ms. Cannon was employed at the Cipriani 55 Wall Street Sales Office for approximately five and one-half months, during the period of on or about February 1, 2006 to on or about July 14, 2006.

69.   Defendants did not pay Ms. Cannon, or her similarly situated co-employees, all of the wages and commissions that they earned for the labor and services rendered in connection with employment at the Cipriani 55 Wall Street Sales Office.

70.   Ms. Cannon was only paid twice during the entire course of her employment, receiving payment of $7,500.00 in or around March 2006 and payment of $10,000.00 in or around May 2006.

71.   Ms. Cannon made repeated requests and complaints for her paychecks to Defendants, through Lenz, Cordovano and Chesleigh, during the period of February and early March 2006.

72.   On or about March 13, 2006, after she had worked for more than a month at the Cipriani 55 Wall Street Sales Office, Lenz promised Ms. Cannon that she would receive a paycheck.  Shortly thereafter, Ms. Cannon received a check from Douglas Elliman totaling $7,500.00.

73.   Ms. Cannon continued to work as an employee at the Cipriani 55 Wall Street Sales Office over the next two and one half months, throughout the remainder of March, all of April and part of May 2006, without receiving any additional pay.

74.   Ms. Cannon made repeated requests and complaints to Defendants, through Lenz and Cordovano, for her paychecks during this time period.

75.     It was not until in or around May 2006, after Ms. Cannon made another request to Defendants on her behalf and on behalf of her similarly situated co-employees, that Ms. Cannon received another check from Douglas Elliman totaling $10,000.00.

76.     Neither Ms. Cannon nor her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office were paid on a monthly or less frequent basis, as required by Article 6 of the New York Labor Law.

77.     Ms. Cannon did not receive her final paycheck by the next regularly scheduled pay date for the pay period during which she was terminated from employment at the Cipriani 55 Wall Street Sales Office, as required by Article 6 of the New York Labor Law.

78.     Defendant Douglas Elliman has not paid Ms. Cannon all of the sales commissions that she earned for services according to the terms of the January 9, 2004 Agreement.

79.     Defendant Douglas Elliman has not paid Ms. Cannon, or her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, all the wages that they earned or all the sales commissions that they earned for the apartment units actually delivered to, accepted by and paid for by or on behalf of the buyers, regardless of the terms of any agreement.

80.     In the alternative, Defendant Douglas Elliman, in concert with Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for each other in relation to the Cipriani 55 Wall Street Sales Office, as stated above, have not paid Ms. Cannon, or her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, all the wages that they earned or all the sales commissions that they earned for the apartment units

actually delivered to, accepted by and paid for by or on behalf of the buyers, regardless of the terms of any agreement.

81.    Defendant Douglas Elliman has not paid Ms. Cannon, and her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, all the wages that they earned or all the commissions that they earned in relation to sales of units at 55 Wall Street in accordance with the agreements of the parties.

82.    In the alternative, Defendant Douglas Elliman, in concert with Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for each other in relation to the Cipriani 55 Wall Street Sales Office, as stated above, have not paid Ms. Cannon, and her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, all the wages that they earned or all the commissions that they earned in relation to sales of units at 55 Wall Street in accordance with the agreements of the parties.

83.    Defendant Douglas Elliman has not provided Ms. Cannon with the employee benefits or wage supplements to which she was entitled, and has not paid Ms. Cannon for the parking expenses that she incurred in connection with her work at the Cipriani 55 Wall Street Sales Office.

84.    In the alternative, Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for and acting in concert with each other, as stated above, have not provided Ms. Cannon with the employee benefits or wage supplements to which she was entitled, and have not paid Ms. Cannon for the parking expenses that she incurred in connection with her work at the Cipriani 55 Wall Street Sales Office.

**F.    The Termination of Ms. Cannon's Employment as a Result of Her Efforts to Obtain Payment of the Wages Earned by Her and Her Similarly Situated Co-employees**

85.    Following receipt of her May 2006 payment, Ms. Cannon continued to work as an employee at the Cipriani 55 Wall Street Sales Office over the next two months, specifically the remainder of May, all of June, and the beginning of July 2006.

86.    Ms. Cannon made repeated requests and complaints to Defendants, through Lenz, Cordovano, and Chesleigh, for her paychecks, and those of her similarly situated co-employees, during this time period.

87.    On or about July 7, 2006, Cordovano responded by e-mail, on behalf of Defendant Douglas Elliman, to one of Ms. Cannon's requests by reporting that Lenz was allegedly "flabbergasted" that her payroll requests were not taken care of immediately.

88.    Defendant Douglas Elliman, on behalf of itself and on behalf of Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, made these representations to Plaintiff, through Cordovano, in order to induce her to maintain her employment at the Cipriani 55 Wall Street Sales Office and provide dedicated, full-time service in connection with the sale of apartment units at Cipriani 55 Wall Street to the benefit of Defendants.

89.    At the time of this representation, Cordovano was aware that neither Defendants Douglas Elliman, Cipriani 55, Cipriani USA Inc., 55 Wall Associates nor Witcoff intended to pay either Plaintiff or her similarly situated co-employees the salary or the sales commissions that they earned during the course of her employment.

90.    Neither Defendant Douglas Elliman, through Cordovano or otherwise, nor any other Defendant, informed Ms. Cannon that she would be denied either the salary, the sales commissions, employee benefits or parking expense reimbursement that she was promised in

connection with her full-time work at the Cipriani 55 Wall Street Sales Office, or that her similarly situated co-employees would be denied their salary or sales commissions.

91.    When neither Ms. Cannon nor her similarly situated co-employees received their payments, Ms. Cannon reasserted her request to Chesleigh on the morning of July 11, 2006, and to Lenz, Cordovano and Chesleigh on the morning of July 13, 2006.

92.    On the evening of July 14, 2006, after working ten straight days at the Cipriani 55 Wall Street Sales Office as directed by Defendants, Ms. Cannon advised Lenz and Cordovano that she would be unable to work that weekend.

93.    Within less than half an hour, Cordovano responded twice to Ms. Cannon, by e-mail, on behalf of Defendants, by stating "[e]xcuse me?" and informing Ms. Cannon that Defendants had "bent over backwards to accommodate all the time off" and that her request was "unacceptable."

94.    Cordovano also advised Ms. Cannon, in the second e-mail, on behalf of Defendants, that, despite the full-time weekday and weekend commitment that Ms. Cannon had been fulfilling for the past five-plus months, "[i]t is clear that you are not able to commit to this job and we no longer desire your services."

95.    Defendants Douglas Elliman, through Cordovano, and on behalf of all Defendants, terminated Ms. Cannon's employment in order to avoid all obligations to pay her the wages and commissions that she had earned and all obligations to pay her similarly situated co-employees at the Cipriani 55 Wall Street Sales Office the wages and commissions that they had earned, and to which they were entitled under applicable law.

96.    Following the termination of Ms. Cannon's employment to work at the Cipriani 55 Wall Street Sales Office, counsel for Ms. Cannon transmitted correspondence to

Defendant Douglas Elliman, dated August 8 and 21, 2006, asserting, _inter alia_, her rights to receive the wages and commissions that she earned.

97.     Shortly after Defendant Douglas Elliman's receipt of the correspondence from Ms. Cannon's counsel, it acted to remove Ms. Cannon's profile from, and deny Ms. Cannon access to, the Douglas Elliman website and computer system, on which all other Douglas Elliman Salespersons were profiled and to which they had access.

98.     This removal of Ms. Cannon's profile and this denial of access damaged, and continues to damage, Ms. Cannon in numerous ways, including but not limited to preventing her from pursuing specific sales in her role as a Douglas Elliman salesperson pursuant to the January 9, 2004 Agreement, from listing any exclusive rental or sales property pursuant to the January 9, 2004 Agreement, from attempting to sell the unit that she purchased at Cipriani 55 Wall Street and from otherwise mitigating her damages by securing alternate employment.

99.     By virtue of employment with Defendants, Ms. Cannon, and her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, were entitled to receive the employee welfare benefits and employee pension benefits provided to other similarly situated employees of Defendant Douglas Elliman, including but not limited to health insurance, life insurance, and participation in the Douglas Elliman 401(k) Retirement Savings Plan, and the wage supplements provided to other similarly situated employees of Defendant Douglas Elliman, including but not limited to paid vacation and holiday pay.

100.    Neither Ms. Cannon, nor her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, were allowed to participate in, or receive any coverage under, Defendants' employee welfare benefits plans or employee pension benefit plans in which other similarly situated employees of Defendant Douglas Elliman participated and received

coverage, including but not limited to health insurance, life insurance, and participation in the Douglas Elliman 401(k) Retirement Savings Plan.

101.  Neither Ms. Cannon, nor her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, received the wage supplements provided to other similarly situated employees of Defendant Douglas Elliman, including but not limited to paid vacation and holiday pay.

## IV.

## COUNTS

### Count 1

### Violation of the FLSA through Failure to Pay Wages Earned for All Hours Worked

102.  Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 101 hereof.

103.  Plaintiff is, and her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office are, entitled to be paid for all hours worked, under the FLSA, including but not limited to minimum wages and overtime compensation.

104.  Defendant Douglas Elliman failed to pay Plaintiff and her similarly situated co-employees wages earned for all hours worked under the FLSA, including but not limited to minimum wages and overtime compensation.

105.  In the alternative, Defendant Douglas Elliman, in concert with Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for each other in relation to the Cipriani 55 Wall Street Sales Office, failed to pay Plaintiff and her similarly situated co-employees wages earned for all hours worked under the FLSA, including but not limited to minimum wages and overtime compensation.

106.    The failure to pay wages caused damage to Plaintiff and those similarly situated to Plaintiff, including but not limited to attorneys' fees.

107.    The failure to pay wages for all hours worked constitutes willful violations of the FLSA.

108.    This Count is asserted individually on behalf of Plaintiff. In addition, collective action status is sought on this Count.

109.    Accordingly, Plaintiff is, and her similarly situated co-employees are, entitled to recovery against Defendants, jointly and severally, including but not limited to liquidated damages, reasonable attorneys' fees and costs, in an amount to be determined at trial.

## Count 2

### Violation of Articles 6 and 19 of the New York Labor Law
### Through Failure to Pay Wages Earned for All Hours Worked

110.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 109 hereof.

111.    Plaintiff is, and her similarly situated co-employees are, entitled to be paid for all hours worked, under Articles 6 and 19 of the New York Labor Law, including but not limited to minimum wages and overtime compensation.

112.    Defendant Douglas Elliman failed to pay Plaintiff and her similarly situated co-employees wages earned for all hours worked under Articles 6 and 19 of the New York Labor Law, including but not limited to minimum wages and overtime compensation.

113.    In the alternative, Defendant Douglas Elliman, in concert with Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for each other in relation to the Cipriani 55 Wall Street Sales Office, failed to pay Plaintiff and her similarly situated co-

employees wages earned for all hours worked under Articles 6 and 19 of the New York Labor Law, including but not limited to minimum wages and overtime compensation.

114.   The failure to pay wages caused damage to Plaintiff and those similarly situated to Plaintiff, including but not limited to attorneys' fees.

115.   Defendants, and each of them, violated the requirements of Articles 6 and 19 of the New York Labor Law by, inter alia, failing to pay Plaintiff and her similarly situated co-employees the wages that they earned.

116.   Defendants, and each of them, violated the requirements of Articles 6 and 19 of the New York Labor Law by, inter alia, failing to pay Plaintiff and her similarly situated co-employees their wages on a monthly or less frequent basis.

117.   The failure to pay wages for all hours worked constitutes willful violations of Articles 6 and 19 of the New York Labor Law.

118.   Defendants, and each of them, violated the requirements of Articles 6 and 19 of the New York Labor Law by failing to pay Plaintiff the wages that she earned by the next regularly scheduled pay date for the pay period during which she was terminated from employment at the Cipriani 55 Wall Street Sales Office.

119.   Accordingly, Plaintiff is, and her similarly situated co-employees are, entitled to recovery against Defendants, jointly and severally, including but not limited to liquidated damages, reasonable attorneys' fees and costs, in an amount to be determined at trial.

## Count 3

## Retaliation Under the FLSA

120.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 119 hereof.

121.    During the period of in or about March 2006 to on or about July 14, 2006, Plaintiff raised numerous requests to Defendants on behalf of herself and her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, through Dolly Lenz, Laura Cordovano, Karen Chesleigh and others, both directly and through counsel, for payment of the promised wages that they earned.

122.    During the period of in or about March 2006 to on or about July 14, 2006, Plaintiff raised numerous complaints to Defendants on behalf of herself and her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office through Dolly Lenz, Laura Cordovano, Karen Chesleigh and others, both directly and through counsel, that they did not receive the promised wages that they earned.

123.    Following the termination of her employment, Plaintiff raised additional demands and complaints, through counsel, regarding the failure to pay the promised wages.

124.    As a result, Plaintiff engaged in statutorily protected conduct under Section 15(a)(3) of the FLSA.

125.    Defendant Douglas Elliman retaliated against Plaintiff by terminating her employment because she engaged in the statutorily protected conduct.

126.    In the alternative, Defendant Douglas Elliman, in concert with Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for each other in relation to the Cipriani 55 Wall Street Sales Office, as stated above, retaliated against Plaintiff by terminating her employment because she engaged in the statutorily protected conduct.

127.    Such termination of employment constitutes an adverse employment action under the FLSA.

128.   Defendant Douglas Elliman took actions purporting to terminate the January 9, 2004 Agreement, including but not limited to removing her from the Douglas Elliman website and removing her access to the Douglas Elliman computer system, because Plaintiff engaged in the statutorily protected conduct.

129.   In the alternative, Defendant Douglas Elliman, in concert with Defendants Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for each other in relation to the Cipriani 55 Wall Street Sales Office, as stated above, took actions purporting to terminate the January 9, 2004 Agreement because Plaintiff engaged in the statutorily protected conduct.

130.   Such actions purporting to terminate the January 9, 2004 Agreement constitute an adverse employment action under the FLSA.

131.   The above-described conduct constitutes willful violations of the FLSA.

132.   Accordingly, Plaintiff is entitled to recovery against all Defendants, jointly and severally, including but not limited to liquidated damages, reasonable attorneys' fees and costs, in an amount to be determined at trial.

**Count 4**

**Retaliation Under Section 215 of the New York Labor Law**

133.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 132 hereof.

134.   During the period of in or about March 2006 to on or about July 14, 2006, Plaintiff raised numerous requests to Defendants on behalf of herself and her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, through Dolly Lenz, Laura Cordovano, Karen Chesleigh and others, both directly and through counsel, for payment of the promised wages that they earned.

135. During the period of in or about March 2006 to on or about July 14, 2006, Plaintiff raised numerous complaints to Defendants on behalf of herself and her similarly situated co-employees employed at the Cipriani 55 Wall Street Sales Office, through Dolly Lenz, Laura Cordovano, Karen Chesleigh and others, both directly and through counsel, that they did not receive the promised wages that they earned, as required by the New York Labor Law.

136. Following the termination of her employment, Plaintiff raised additional demands and complaints, through counsel, regarding the failure to pay the promised wages.

137. As a result, Plaintiff engaged in statutorily protected conduct under Section 215 of the New York Labor Law.

138. Defendant Douglas Elliman retaliated against Plaintiff by terminating her employment because she engaged in the statutorily protected conduct.

139. Such termination of employment constitutes a violation of Section 215 of the New York Labor Law.

140. Defendant Douglas Elliman took actions purporting to terminate the January 9, 2004 Agreement, including but not limited to removing her from the Douglas Elliman website and removing her access to the Douglas Elliman computer system, because Plaintiff engaged in statutorily protected conduct under Section 215 of the New York Labor Law.

141. Such actions purporting to terminate the January 9, 2004 Agreement constitute an adverse employment action under Section 215 of the New York Labor Law.

142. Notice of the assertion of this cause of action against Douglas Elliman has been served this day, on behalf of Plaintiff, upon the New York State Attorney General, as required by Section 215 of the New York Labor Law.

143.   Accordingly, Plaintiff is entitled to recovery against Defendant Douglas Elliman, in an amount to be determined at trial.

## Count 5

### Violation of Plaintiff's Rights Under Employee Benefit Plans

144.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 143 hereof.

145.   The Douglas Elliman health and welfare benefit plans, pension plans, and other employee benefit plans applicable to Plaintiff and similarly situated employees, including but not limited to health insurance, life insurance, and participation in the Douglas Elliman 401(k) Retirement Savings Plan (collectively, "Plans"), constitute, at all relevant times, employee welfare plans and/or employee benefit plans under Sections 3(1), 3(2) and 3(3) of ERISA, 29 U.S.C. §§ 1002 (1), (2), and (3).

146.   By virtue of the employment of Plaintiff with Douglas Elliman and the work that she performed at the Cipriani 55 Wall Street Sales Office, Plaintiff is, and was at all relevant times, a participant in, and a beneficiary of, the Plans.

147.   Pursuant to the terms of the Plans, Plaintiff was eligible to receive various health and welfare and pension benefits, including but not limited to health insurance, life insurance and participation in the Douglas Elliman 401(k) Retirement Savings Plan.

148.   Defendants Douglas Elliman and the Douglas Elliman Plan were responsible, under the circumstances described above, for providing Plaintiff and her similarly situated co-employees with the employee welfare benefits and employee pension benefits under the Plans, for which they were eligible.

149.    By failing to provide Plaintiff and her similarly situated co-employees with the employee welfare benefits and employee pension benefits to which they are entitled under the Plans, Defendants Douglas Elliman and the Douglas Elliman Plan violated ERISA.

150.    Accordingly, Plaintiff is entitled to recovery, including but not limited to reasonable attorneys' fees, against Defendants Douglas Elliman and the Douglas Elliman Plan, jointly and severally, in an amount to be determined at trial.

## Count 6

### Breach of Contract:  Commissions Earned
### Pursuant to the January 9, 2004 Agreement

151.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 150 hereof.

152.    Defendant Douglas Elliman agreed to pay Plaintiff sales commissions in connection with their January 9, 2004 Agreement.

153.    Ms. Cannon fully performed her obligations under the Agreement.

154.    Defendant Douglas Elliman failed to pay Plaintiff the sales commissions that she earned under the Agreement, thereby breaching its obligations under the Agreement.

155.    Defendant Douglas Elliman took actions purporting to terminate the January 9, 2004 Agreement, including but not limited to removing Plaintiff from the Douglas Elliman website and removing her access to the Douglas Elliman computer system, without complying with the termination provision of that Agreement, thereby breaching its obligations under the Agreement.

156.    Plaintiff was damaged by the breach of the January 9, 2004 Agreement.

157.    Accordingly, Ms. Cannon is entitled to recovery against Defendant Douglas Elliman, in an amount to be determined at trial.

**Count 7**

**Breach of Contract:  Wages, Commissions and Parking Expenses**
**Pursuant to Employment at the Cipriani 55 Wall Street Sales Office**

158.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 157 hereof.

159.    Defendant Douglas Elliman agreed to pay Plaintiff the wages and sales commissions that she earned, and the parking expenses that she incurred, in connection with her work at the Cipriani 55 Wall Street Sales Office.

160.    In the alternative, Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for and acting in concert with each other, as stated above, agreed to pay Plaintiff the wages and sales commissions that she earned, and the parking expenses that she incurred, in connection with her work at the Cipriani 55 Wall Street Sales Office.

161.    Plaintiff fully performed her obligations under the agreement in relation to her work at the Cipriani 55 Wall Street Sales Office.

162.    By virtue of Plaintiff's performance under the agreement, and the benefits that Defendant Douglas Elliman received as a result of such performance, Defendant Douglas Elliman incurred liability to Plaintiff under the agreement.

163.    In the alternative, Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for and acting in concert with each other, as stated above, by virtue of Plaintiff's performance under the agreement, and the benefits that Defendants received as a result of such performance, Defendants incurred liability to Plaintiff under the agreement.

164.    Defendant Douglas Elliman failed to pay Plaintiff the wages or sales commissions that she earned, or the parking expenses that she incurred, in connection with her work at the Cipriani 55 Wall Street Sales Office, thereby breaching its obligations under the agreement.

165.    In the alternative, Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, as agents for and acting in concert with each other, as stated above, failed to pay Plaintiff the wages or sales commissions that she earned, or the parking expenses that she incurred, in connection with her work at the Cipriani 55 Wall Street Sales Office, thereby breaching their obligations under the agreement.

166.    Accordingly, Plaintiff is entitled to recovery against Defendants, jointly and severally, in an amount to be determined at trial.

## Count 8

### Fraud and Deceit

167.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 166 hereof.

168.    Defendant Douglas Elliman, through Lenz, Cordovano and Chesleigh, and on behalf of all the Defendants, represented to Plaintiff that she would be paid salary and commissions for, and that she would be reimbursed for parking expenses incurred in connection with, the work that she performed in connection with the Cipriani 55 Wall Street Sales Office.

169.    Defendant Douglas Elliman, through Lenz, Cordovano and Chesleigh, and on behalf of all the Defendants, represented to Plaintiff, in response to her many requests to pay her and her similarly situated co-employees, that she and her similarly situated co-employees would be paid.

170.   Upon information and belief, at the time of the above-mentioned representations regarding Plaintiff's salary and commissions, Defendants knew that Plaintiff would not be paid the salary and commissions that she was promised, or reimbursed for her parking expenses as promised.

171.   In addition, Defendant Douglas Elliman, through Lenz, Cordovano, and Chesleigh, and on behalf of all Defendants, intentionally failed to disclose to Plaintiff that she would not receive the salary and compensation that she earned, or the parking expenses that she incurred, in connection with her work at Cipriani 55 Wall Street Office.

172.   These omissions were material to Plaintiff's business and employment decisions, including but not limited to her decision to become employed, and remain employed, at the Cipriani 55 Wall Street Sales Office, and to continue to work there on a full-time basis.

173.   Plaintiff relied upon the promises, representations and omissions of Defendant Douglas Elliman, on behalf of all Defendants, as they intended that she would. Specifically, Plaintiff accepted employment at the Cipriani 55 Wall Street Sales Office, and continued to work there, in reliance on the representations described above.

174.   During that critical time period, Plaintiff had no knowledge of the falsity of Defendants' representations, Defendants' intention not to perform as promised or the existence and materiality of Defendants' omissions.

175.   Defendants have failed to act and perform in accordance with their prior promises and representations. Accordingly, Defendants have committed fraud upon Plaintiff.

176.   As a result of Defendants' false promises and material misrepresentations and Plaintiff's detrimental reliance upon their fraudulent conduct, Plaintiff has sustained

economic and other injuries, for which she seeks compensation from Defendants in the form of monetary damages in an amount to be determined at trial.

177.   In addition, because Defendants' fraudulent acts were committed knowingly, intentionally, recklessly and with a conscious disregard of the rights of Plaintiff, Plaintiff seeks to recover punitive damages from Defendants in an additional amount to be determined by the jury at trial.

178.   Accordingly, Plaintiff is entitled to recovery against Defendants, jointly and severally, in an amount to be determined at trial.

### Count 9

### Negligent Misrepresentation

179.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 178 hereof.

180.   Defendant Douglas Elliman had a duty to timely disclose and provide Plaintiff with accurate and complete information regarding the material facts applicable to the salary, commissions and parking expense reimbursement that she would receive in connection with her employment at the Cipriani 55 Wall Street Sales Office.

181.   In the alternative, Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, acting in concert and conspiracy with each other, and as agents for each other, as stated above, had a duty to timely disclose and provide Plaintiff with accurate and complete information regarding the material facts applicable to the salary, commissions and parking expense reimbursement that she would receive in connection with her employment at the Cipriani 55 Wall Street Sales Office.

182.   Defendant Douglas Elliman represented to Plaintiff that it would pay her salary, commissions and parking expense reimbursement in connection with her employment at the Cipriani 55 Wall Street Sales Office.

183.   In the alternative, Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, acting in concert and conspiracy with each other, and as agents for each other, as stated above, represented to Plaintiff that they would pay her salary, commissions and parking expense reimbursement in connection with her employment at the Cipriani 55 Wall Street Sales Office.

184.   The foregoing representations were false when made.

185.   Defendant Douglas Elliman failed to disclose material information to Plaintiff regarding the salary, commissions and parking expense reimbursement in connection with her work at the Cipriani 55 Wall Street Sales Office.

186.   In the alternative, Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, acting in concert and conspiracy with each other, and as agents for each other, as stated above, failed to disclose material information to Plaintiff regarding the salary, commissions and parking expense reimbursement in connection with her work at the Cipriani 55 Wall Street Sales Office.

187.   Upon information and belief, at the time of the aforementioned representations and omissions, Defendant Douglas Elliman knew of the falsity of those representations.  In the alternative, Defendant Douglas Elliman acted in a negligent manner, with careless and reckless disregard as to the truth thereof, by failing to ascertain the facts available to it in relation to such representations.  Furthermore, Defendant Douglas Elliman knew the

materiality of its omissions or, alternatively, acted with careless and reckless disregard with respect to the materiality thereof.

188. In the alternative, upon information and belief, at the time of the aforementioned representations and omissions, Defendants Douglas Elliman, Cipriani 55, Cipriani USA, 55 Wall Associates and Witcoff, acting in concert and conspiracy with each other, as stated above, and as agents for each other, knew of the falsity of those representations. In the alternative, Defendants, acting in concert and conspiracy with each other, and as agents for each other, as stated above, acted in a negligent manner, with careless and reckless disregard as to the truth thereof, by failing to ascertain the facts available to them in relation to such representations. Furthermore, Defendants, acting in concert and conspiracy with each other, and as agents for each other, as stated above, knew the materiality of their omissions or, alternatively, acted with careless and reckless disregard with respect to the materiality thereof.

189. Plaintiff relied upon these representations and their failure to disclose material facts regarding the salary, commissions and parking expense reimbursement in connection with her work at the Cipriani 55 Wall Street Sales Office.

190. At the time of her reliance thereon, Plaintiff had no knowledge of the falsity of the representations.

191. At the time of his reliance thereon, Plaintiff had no knowledge of the falsity of the information provided to her relating to the salary, employee benefits, commissions and parking expense reimbursement in connection with her work at the Cipriani 55 Wall Street Sales Office, nor could she have such knowledge because Defendants possessed all the information upon which a reasonable person would rely.

192. Defendants have committed acts constituting negligent misrepresentation.

193.   As a result of Plaintiff's detrimental reliance upon Defendants' negligent misrepresentations, Plaintiff has sustained economic and other injuries, for which she seeks compensation from Defendants in the form of monetary damages in an amount to be determined at trial.

194.   Accordingly, Plaintiff is entitled to recovery against Defendants, jointly and severally, in an amount to be determined at trial.

### Count 10

### Negligence

195.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 194 hereof.

196.   In connection with the operation of the Cipriani 55 Wall Street Sales Office, Defendant Douglas Elliman had a duty to, among other things, provide Plaintiff with the salary and commissions that she earned, and the parking expenses that she incurred.

197.   In the alternative, in connection with the operation of the Cipriani 55 Wall Street Sales Office, Defendants, acting in concert and conspiracy with each other, and as agents for each other, as stated above, had a duty to, among other things, provide Plaintiff with the salary, wage supplements and commissions that she earned, and the parking expenses that she incurred, and such duty was independent of those duties they incurred by virtue of any agreement.

198.   Defendant Douglas Elliman breached these duties by failing to pay Plaintiff the salary, wage supplements and commissions that she earned, and the parking expenses that she incurred, in connection with her work at the Cipriani 55 Wall Street Sales Office.

199.    In the alternative, Defendants, acting in concert and conspiracy with each other, and as agents for each other, as stated above, breached these duties by failing to pay Plaintiff the salary, wage supplements and commissions that she earned in connection with the work at the Cipriani 55 Wall Street Sales Office.

200.    As a result, Plaintiff has sustained economic and other injuries for which she seeks compensation from Defendants in the form of monetary damages in an amount to be determined at trial.

201.    In addition, Defendants acted recklessly and/or with a conscious disregard of Plaintiff's rights by failing to pay Plaintiff the salary, wage supplements and commissions that she earned, or the parking expenses that she incurred, in connection with the work at the Cipriani 55 Wall Street Sales Office.  As a result, Defendants are guilty of gross negligence.

202.    Accordingly, Plaintiff seeks to recover punitive damages from Defendants in an additional amount to be determined at trial.

203.    Accordingly, Plaintiff is entitled to recovery against Defendants, jointly and severally, in an amount to be determined at trial.

## Count 11

### Unjust Enrichment

204.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 203 hereof.

205.    Defendants have knowingly diverted, misappropriated, taken, and used for their own purposes and their own profits, funds, including but not limited to unpaid wages, unpaid sales commissions and all other amounts received by virtue of Plaintiff's uncompensated work, which rightfully belong to Plaintiff.

35

206.    Defendants, acting in concert and conspiracy with each other, and as agents for each other, as stated above, made material misrepresentations and failed to disclose material information within their knowledge regarding their intentions regarding the payment of Plaintiff for her work at the Cipriani 55 Wall Street Sales Office.

207.    Plaintiff relied on these material misrepresentations and failures to disclose and engaged in significant and successful efforts to sell apartment units at Cipriani 55 Wall Street, with the expectation that she would be paid for those efforts.

208.    By Defendants' conduct and Plaintiff's detrimental reliance, Defendants received profits based on the successful efforts of Plaintiff to sell apartment units at the Cipriani 55 Wall Street Sales Office, for which Plaintiff was not compensated.

209.    By Defendants' conduct and Plaintiff's detrimental reliance, Defendants have unjustly enriched themselves at Plaintiff's expense, and have caused damage to Plaintiff and Plaintiff's interests, as Defendants now have gained concrete benefits by virtue of their possession of the value of the sales accomplished by Plaintiff as the result of her efforts to sell apartment units at Cipriani 55 Wall Street, for which she was not compensated.

210.    Accordingly, Plaintiff is entitled to recovery against Defendants, jointly and severally, in an amount to be determined at trial.

## V.

## **JURY DEMAND**

211.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues in this Complaint and all issues which may hereafter arise in this action which are triable of right by a jury.

# VI.

## REQUEST FOR RELIEF

212.   In consideration of the foregoing, Plaintiff hereby requests that, upon trial by jury, the Court enter a judgment in favor of Plaintiff and against Defendants, jointly and severally, providing for the following relief:

a)   An award of actual damages, both compensatory and consequential, in an amount to be determined by the jury;

b)   Liquidated damages pursuant to the claims asserted under the FLSA and Articles 6 and 19 of the New York Labor Law, including but not limited to Sections 198 and 663 of the New York Labor Law;

c)   The designation of Plaintiff's claim in Count 1 as a collective action for all similarly situated employees to opt-in and for the required notice to be issued to the current and former employees;

d)   Punitive damages in an amount to be determined by the jury;

e)   Reasonable attorneys' fees and costs, including but not limited to attorneys fees and costs pursuant to the claims asserted under the FLSA and Articles 6 and 19 of the New York Labor Law, including but not limited to Sections 198 and 663 of the New York Labor Law;

f)   Prejudgment and post-judgment interest at the highest rate(s) allowed by law; and

g) Such further relief which this Court may deem appropriate and to which Plaintiff is entitled.

Dated: New York, New York
        November 17, 2006

Respectfully submitted,

**CROWELL & MORING LLP**

By: _____
            Jeffrey W. Pagano (JP 1408)
            Ira M. Saxe (IS 6051)

153 E. 53rd Street, 31st Floor
New York, NY 10022-4611
Tel: 212-223-4000

Attorneys for Plaintiff Diana Cannon

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2006, I caused to be served a true and correct copy of the foregoing AMENDED COMPLAINT to be served upon Defendants by overnight courier and addressed to their attorneys at the following locations:

> John A. Snyder, II, Esq.
> Jackson Lewis
> 59 Maiden Lane, 39th Floor
> New York, New York 10038
>
> Christy L. Reuter, Esq.
> Robinson Brog Leinwand
>     Greene Genovese & Gluck P.C.
> 1345 Avenue of the Americas
> New York, New York  10105

Stafford A. Woodley, Jr.