

**crowell | moring**

590 Madison Avenue, New York, NY 10022-2524 • p 212 223-4000 • f 212 223-4134

Jeffrey W. Pagano
jpagano@crowell.com

[USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 10/28/09]

October 28, 2009

[RECEIVED OCT 28 2009 MICHAEL H. DOLINGER UNITED STATES MAGISTRATE JUDGE]

**VIA FACSIMILE**

Magistrate Judge Michael H. Dolinger
United States District Court
Southern District OF New York
500 Pearl Street, Room 1670
New York, NY 10007-1312

Re:  Diana Cannon et al. v. Douglas Elliman, LLC, et al.
    United States District Court, Southern District of New York
    Case No.: 06 CV 7092

Dear Magistrate Judge Dolinger:

I apologize for any conduct that caused you to prematurely conclude today's conference call concerning the potential settlement of this matter. I responded to your statement that I misrepresented facts to the Court in the previous settlement conference, which I would never do, nor did I do at that time. Indeed, the concern I expressed at the prior settlement conference, and today's conference call, was an apparent written ex-parte communication referenced by counsel for the defendant at the last settlement conference, which caused me great concern then and now, particularly in connection with your statement that I had previously misrepresented facts to the Court. The numbers that I verbally presented to the Court at the prior settlement conference reflected our assessment of defendant's liability to each plaintiff, irrespective of the settlement proposals.

As to the settlement of this matter, we do not want to unnecessarily burden the Court with a trial. However, our clients have determined that settlement must be reached as a whole, including fees and costs for which they remain responsible, in order to settle this matter.

Please keep in mind that at no time have I refused to provided defense counsel detailed information concerning our fee request. Rather, I provided defense counsel an attorney by attorney review of all fees generated by our firm over a 3 year period, immediately upon the close of the last settlement conference, in order to resolve the matter. No further requests were made for additional information by defense counsel. Rather, an offer was made which was inadequate, even after I provided a significant discount to quickly resolve the matter.

*ENDORSED ORDER*

*To facilitate settlement discussions, plaintiff's counsel is to provide to defendant's attorney a copy of any pertinent time records (which may be redacted for any privileged materials). The parties are to advise the court if they wish a further settlement conference with the court.*

*M/ USMJ  10/28/09*

Crowell & Moring LLP • www.crowell.com • Washington, DC • New York • Los Angeles • Orange County • London • Brussels

Magistrate Judge Michael H. Dolinger
October 28, 2009
Page 2

       I have the greatest respect for Your Honor, and appreciate your various efforts to achieve a settlement of this matter. I regret any disrespect that you may have perceived, as it was certainly not my intention.

       Respectfully submitted,

       Jeffrey W. Pagano

cc (via facsimile and first class mail): John A. Snyder II, Esq.

NY1WDMS: 11350270_1